IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:24-CR-36-KAC-DCP |
| JAMAL WITCHER, ) | |
| TAESHAWN WITCHER, ) | |
| SKYLER ANTHONY STARKEY STEWARD, ) | |
| RICKY LYNN COFFEY, KESHON LEE, ) | |
| EMANI MASON, GIANNA RYAN, ) | |
| PAYTON ENGLISH, and ) | |
| BERNIE SMALLWOOD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Skyler Anthony Starkey Steward's Motion to Continue Motion, Plea Deadline, and Trial Date [Doc. 163], filed on October 17, 2024, as well as Defendant Taeshawn Witcher's ("T. Witcher") Motion to Continue Trial and All Related Dates [Doc. 164], Defendant Jamal Witcher's ("J. Witcher") Motion to Join Co-Defendants' Motions to Continue [Doc. 166], Defendant Emani Mason's Motion to Continue Trial and All Relevant Deadlines [Doc. 171], and Defendant Keshon Lee's Unopposed Motion to Continue Motion Deadlines [Doc. 172], all of which were filed on October 18, 2024.

Defendant Steward asks the Court to continue the trial date and all other relevant deadlines [Doc. 163]. He requests a continuance of 120 days [*Id.* at 2]. In support of his motion, Defendant states that the discovery is voluminous and lacks any index or searchable feature [*Id.* ¶ 3].

Defendant Steward argues that, given his location in Laurel County, Kentucky, along with time constraints and the volume of discovery, his counsel could not be ready for trial on November 19, 2024 [*Id.* ¶ 5].  Defense counsel requests additional time to consult with Defendant, review discovery, and evaluate the need for pre-trial motions [*Id.* ¶ 6].

Defendant T. Witcher also requests a continuance of the trial and all related dates [Doc. 164].  He notes that the Court appointed his counsel on September 18, 2024 [*Id.* ¶ 1].  Defendant T. Witcher observes that the discovery in the case stands at "just a few words shy of one terabyte" and includes 191,098 documents [*Id.* ¶ 2].  He states that his counsel, a solo practitioner, is presently handling three state homicide cases and has a heavy caseload in both state and federal court [*Id.* ¶¶ 3–4].

On October 18, 2024, the Court ordered the remaining parties to file a position on the motions to continue [Doc. 165].  Defendant J. Witcher filed a Motion to Join Codefendants' Motions to Continue, asserting that while his counsel has been involved in a good faith effort to resolve the case, additional time is required to continue reviewing discovery, discuss factual and legal issues as well as potential motions, and confer with the Government [Doc. 166].  Defendant J. Witcher adds that he is housed in Laurel County, Kentucky, adding time to this process [*Id.*].  He understands that the time between the filing of the motion and a new trial date is fully excludable for speedy trial purposes [*Id.*].

Defendant Smallwood filed a response indicating that he does not object to continuing the trial date and extending all associated deadlines [Doc. 167].  Defendant Ryan filed a notice requesting to join in the motions to continue filed by Defendants Steward and T. Witcher and asserting that she requires additional time to review discovery, file any necessary pre-trial motions, and prepare for trial [Doc. 168].

2

Case 3:24-cr-00036-KAC-DCP    Document 177    Filed 10/24/24    Page 2 of 5    PageID #: 499

Defendant Mason filed a Motion to Continue Trial and All Relevant Deadlines [Doc. 171]. In support of his motion, he states that the Court appointed his counsel on September 24, 2024 [*Id.* ¶ 1]. Defendant Mason contends his counsel is still reviewing discovery and investigating the case and has not yet been able to meaningfully discuss the case with him [*Id.* ¶¶ 2–4].

Defendant Lee filed an Unopposed Motion to Continue Motion Deadlines, requesting that the Court extend the deadline to file pretrial motions and plea agreements and continue the trial date [Doc. 172]. He states that his counsel received sets of discovery on June 12, 2024, and September 5, 2024, and expects to receive another soon after filing the motion [*Id.*]. He states that until he has reviewed all discovery, he and his counsel cannot make decisions regarding potential plea agreements [*Id.*].

Defendant Coffey filed a response that he does not object to a continuance and is aware of his speedy trial rights [Doc. 173]. Defendant English filed a notice indicating that she does not object to the continuance of trial and extension of all related deadlines [Doc. 176]. The Government filed a notice that it does not object to the defendants' motions to continue [Doc. 174].

Defense counsel confirmed with chambers via email that Defendants T. Witcher, Steward, Lee, Mason, Ryan, English, and Smallwood understand their rights to a speedy trial.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for

Defendants J. Witcher, T. Witcher, Steward, Lee, Mason, and Ryan need additional time to review discovery, discuss factual and legal issues, engage in plea negotiations, and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the November 19, 2024 trial date.

The Court therefore **GRANTS** Defendant Skyler Anthony Starkey Steward's Motion to Continue Motion, Plea Deadline, and Trial Date [**Doc. 163**], Defendant Taeshawn Witcher's Motion to Continue Trial and All Related Dates [**Doc. 164**], Defendant Jamal Witcher's Motion to Join Co-Defendants' Motions to Continue [**Doc. 166**], Defendant Emani Mason's Motion to Continue Trial and All Relevant Deadlines [**Doc. 171**], and Defendant Keshon Lee's Unopposed Motion to Continue Motion Deadlines [**Doc. 172**]. The trial of this case is reset to **April 29, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on October 17, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Skyler Anthony Starkey Steward's Motion to Continue Motion, Plea Deadline, and Trial Date [**Doc. 163**], Defendant Taeshawn Witcher's Motion to Continue Trial and All Related Dates [**Doc. 164**], Defendant Jamal Witcher's Motion to Join Co-Defendants' Motions to Continue [**Doc. 166**], Defendant Emani Mason's Motion to Continue Trial and All Relevant Deadlines [**Doc. 171**], and Defendant Keshon Lee's Unopposed Motion to Continue Motion Deadlines [**Doc. 172**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **April 29, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 17, 2024**, and the new trial date of **April 29, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 31, 2025**;

(5) the deadline for filing motions *in limine* is **April 14, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 15, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 18, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge